IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINE ECKMAN )
) No. 15-181
v.

CAROLYN W. COLVIN

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for disability and disability insurance benefits, alleging disability due to various physical impairments, with an onset date of October 1, 2011.[1] Plaintiff's claim was denied initially, and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied her request for review. This pro se appeal followed. Before the Court are the parties Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g)6, 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

---

[1] At issue before the ALJ were Plaintiff's averments of degenerative disc disease, gastroesophageal resulx disease, chronic kidkey disease, Arnold-Chiari, migraines/headaches, lupus, fibromyalgia, and sinusitis.

1

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

Pro se fillings are to be construed liberally. See, e.g., Bell v. Pleasantville Hous. Auth., 443 Fed. Appx. 731, 734-35 (3d Cir. 2011). I have considered Plaintiff's submissions under this liberal standard.

## II. THE PARTIES' MOTIONS

Plaintiff has submitted to the Court medical records from 2015, including an averment that she was diagnosed with diabetes in May, 2015. The ALJ's decision is dated December 6, 2013. "[I]t is well-established that a district court may not consider evidence that was not before the ALJ." Morrison v. Astrue, 355 F. App'x 599, 602 (3d Cir. 2009). Because the diagnosis of diabetes, along with related records, post-dated the ALJ's decision, they were not under consideration by the ALJ. Moreover, "[a] diagnosis that post-dates an administrative hearing

2

may be considered new evidence relating to the relevant time period only if it reveals that a claimant 'had an impairment substantially more severe than was previously diagnosed.'" Xu v. Barnhart, 2006 U.S. Dist. LEXIS 8827, *18 (E.D.N.Y. 2006). Late-submitted evidence is not "material," and thus to be considered under 42 U.S.C. § 405(g)[2], if it relates to a later-acquired disability. Szubak v. Secretary of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. N.J. 1984). I have carefully considered the records that Plaintiff has presently submitted, and there is no indication that they relate in any way to the time period under consideration by the ALJ.[3] Accordingly, I cannot consider the 2015 records on appeal.[4]

Plaintiff suggests that the ALJ should not have disregarded her longtime treating physician's opinion that she is permanently disabled. I presume that Plaintiff refers to Dr. Vogan, her treating physician, that she could work full-time but with difficulty. The ultimate issue of disability, as the ALJ stated, is reserved for the Commissioner. Therefore, an ALJ is not required to accept a physician's statement of disability. Smith v. Astrue, 2008 U.S. Dist. LEXIS 8214, at *20 (M.D. Pa. 2008). I find no error in the ALJ's treatment of the medical evidence.

I assure Plaintiff that, within the limited scope of review permitted this Court, I have given careful attention to the entire record and to challenges suggested or implied by Plaintiff's submissions. Again, I am not permitted to reweigh the evidence. Instead, I can only look to the evidence that was before the ALJ and determine whether the ALJ's decision was adequately

---

[2] Section 405(g) allows additional evidence that is "new," "material," and when there is good cause for failing to proffer the evidence earlier.
[3] The records list onset dates of various health conditions that were before the ALJ, but there is no further information offered about those conditions.
[4] Defendant addresses evidence that Plaintiff submitted to the appeals council, after the ALJ decision. Plaintiff has not indicated that she seeks particular review of the Appeals Council decision. In any event, all of the record evidence predates the ALJ hearing, at which Plaintiff was represented by counsel; Plaintiff has not stated why the evidence was not proffered earlier. Thus, it does not fall within the purview of 42 U.S.C. § 405(g) as "new" evidence.

supported. I have done so, with sincere empathy for Plaintiff's situation, and conclude that it was so supported.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

**ORDER**

AND NOW, this 8th day of October, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court